# LAMPERT LUMBER COMPANY v. BECCA B. CAMPFIELD.[1]

July 8, 1910.

Nos. 16,605—(163).

**Mechanic's lien — evidence supports findings.**

Record examined, and the evidence *held* to support the findings of the trial court.

**Abandonment by contractor — subsequent purchase of material by contractor.**

Where a contractor has completely abandoned his contract for the construction of a building, he has no implied authority thereafter to purchase material therefor, and his act in doing so is not binding upon the owner; it not appearing that the same was accepted and used in the building.

Action in the district court for Wilkin county to recover $140.20 by foreclosure of a mechanic's lien. The facts are stated in the opinion. The case was tried before Flaherty, J., who found for

[1] Reported in 127 N. W. 6.

defendant and that the mechanic's lien filed by plaintiff was void. From the judgment entered pursuant to the findings, plaintiff appealed.    Affirmed.

*Balentine & Smith,* for appellant.

*Henry G. Wyvell,* for respondent.

BROWN, J.

Action to foreclose a mechanic's lien, in which defendant Becca B. Campfield had judgment, and plaintiff appealed.

It appears that defendant Campfield entered into a contract with defendant Stamm, who was not served with the summons and did not appear in the action, for the erection and completion of a small addition to a building owned by her; Stamm to furnish all the material and labor and to complete the work within two weeks for the sum of $100.    Stamm commenced the performance of the contract on July 22, 1907, and the court found, upon sufficient evidence, that on August 3, without the consent of Mrs. Campfield, he wholly abandoned the contract before full performance thereof, and never returned to the Campfield premises to complete the same.    Stamm undertook the work for the purpose of discharging an indebtedness he then owed to Mrs. Campfield.    During the time he was engaged in the work, the last item being August 3, 1907, Stamm purchased of plaintiff lumber and material to be used in the building of the value of $130, and the material so purchased entered into the building.    On November 13, and again on November 26, 1907, he ordered certain other material, lime, cement, and brick, of the value of $12.35, delivered at the Campfield premises to be used in completing the building, and plaintiff delivered the same.    Stamm, however, never, subsequent to August 5, appeared on the premises to finish the work, and the material just mentioned was not used by Mrs. Campfield or placed in the building.    Thereafter, on January 13, 1908, and within ninety days from the date of the material so furnished in November, plaintiff duly perfected a mechanic's lien upon the premises which it now seeks to foreclose.

The trial court found the facts substantially as stated: That Stamm abandoned the contract before completing the work; that he

was not engaged in the performance of the contract in November, when he ordered the lime, cement, and brick of plaintiff, and was not authorized to act for Mrs. Campfield at that time; and, further, that the purchase of the additional material at that time was not binding upon her.

The substantial question on this appeal is whether the findings of the trial court are sustained by the evidence. We have read the record with care, and, though the question is not free from doubt, sufficient competent evidence is found therein to sustain the conclusion reached below. The circumstances disclosed by the record present more than a mere suspicion corroborative of the views expressed by the trial judge at the conclusion of the trial that the purpose of the purchase of the material on November 13 was to set in motion a new period for perfecting a lien upon the premises. Plaintiff's right to file a lien for the material originally furnished expired on November 5, and after that date no lien could be filed; but, if the material ordered on the thirteenth was under the authority of and binding upon Mrs. Campfield, then the right to file a lien was extended ninety days from that time. But the evidence fully supports the conclusion of the court below that Stamm had then no authority to act for Mrs. Campfield, and that his act in ordering that material was not binding upon her.

The doctrine of estoppel, urged in plaintiff's fifth assignment of error, has no application to the facts presented. The lime and cement delivered pursuant to Stamm's orders in November was not with the knowledge or consent of defendant, nor was it used in the building, and no estoppel arises from her failure subsequently to return the same. Nor was there any error in the admission or exclusion of evidence discussed under the first and second assignments of error. The evidence there offered had no tendency to show that in November Stamm was still engaged in the performance of his contract; but, on the contrary, it is fairly conclusive that he was not, and that he had abandoned the work with no intention of completing the contract.

This covers all the assignments requiring special mention, and the judgment appealed from is affirmed.